■   GERTRUDE WEISS, as Administratrix of the Estate of RICHARD WEISS, Deceased, Appellant, v NEW HAMPSHIRE INSURANCE COMPANY et al., Respondents.—In a wrongful death action, plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Nassau County, dated July 19, 1978, which is in her favor, upon a jury verdict, in the principal sum of $3,000. Judgment reversed, on the law, and new trial granted upon the issue of damages only, with costs to abide the event, unless within 30 days after service upon the defendants of a copy of the order to be entered hereon with notice of entry thereof they shall serve and file in the office of the clerk of the trial court a written stipulation consenting to increase the verdict in favor of plaintiff on the wrongful death cause of action to $25,000, and to the entry of an amended judgment accordingly, in which event the judgment, as so increased and amended, is affirmed, without costs or disbursements. The automobile accident which caused the death of the 19-

year-old decedent occurred in Florida. The defendants conceded liability. At the jury trial, limited to the assessment of damages only, the parties agreed that the law of Florida was applicable. A Florida statute, in pertinent part, awards damages for "future loss of support and services from the date of death and reduced to present value" and for funeral expenses (Florida Wrongful Death Act, Fla Stats Ann, § 768.21, subds [1], [5]). The Florida appellate courts will set aside a verdict and grant a new trial where the verdict is "so grossly inadequate that it shocks the conscience of the Court" (*Roberts v Bushore,* 182 So 2d 401, 402 [Fla]) or where the verdict "was not one which a jury of reasonable men could have returned in view of the evidence disclosed in this record" (*Grossman v Short,* 235 So 2d 11, 12 [Fla]; *City of Hollywood v Jarkesy,* 343 So 2d 886, 888 [Fla]). In this case, the funeral expenses totaled $2,723.23. Considering that fact, and the other relevant testimony in the record, the verdict of $3,000 is shockingly inadequate. Accordingly, the judgment appealed from is reversed and a new trial granted as to damages only, unless the defendants stipulate to increase the verdict to $25,000 in accordance herewith. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.